# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVELINA MISZCZYSZYN, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>) Case No. 18-cv-3633 |
| Plaintiff, | ) Judge Robert M. Dow, Jr. |
| v. | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Evelina Miszczyszyn filed this putative class action against Defendant J.P. Morgan Chase Bank, N.A. ("Chase"), alleging that Chase violated the parties' contract (Count I) or, in the alternative, unjustly enriched itself at Plaintiff's expense (Count II); and violated the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count III). Currently before the Court is Chase's motion to dismiss Plaintiff's complaint [18] pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the reasons explained below, Chase's motion [18] is granted under Rule 12(b)(6) for failure to state a claim. Plaintiff's complaint is dismissed without prejudice and with leave to file an amended complaint consistent with this opinion no later than April 19, 2019. The motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is denied without prejudice to re-raising the argument in response to any amended complaint. The case is set for further status on April 24, 2019 at 9:00 a.m.

I. **Background**[1]

On February 27, 2013, Plaintiff entered into a mortgage with Guaranteed Rate, Inc. for her home in Chicago. [1-1, ¶ 17.] The mortgage was insured through the Federal Housing Administration, which rendered it subject to certain regulations of the U.S. Department of Housing and Urban Development. [*Id.* ¶¶ 5, 17.] Chase acquired the servicing rights to the mortgage on February 22, 2016. [*Id.* ¶ 20.]

On May 17, 2016, Chase served Plaintiff with a complaint for foreclosure at her home alleging that she had defaulted on the mortgage on December 1, 2015. [*Id.* ¶ 21.] In that complaint, Chase sought a judgment of foreclosure and the sale of the property. [*Id.*] As part of the Foreclosure Action in the Illinois Circuit Court, Chase filed a motion for judgment of foreclosure, attached to it an affidavit from Cynthia L. Erving (the "Erving Affidavit") detailed the amounts "due and owing" under the mortgage. [*Id.* ¶ 22]; see also [*id.* at 27–32]. One of line items in the Erving Affidavit was a charge for the property inspections conducted at Chase's direction after Plaintiff allegedly defaulted on her mortgage. [*Id.* ¶ 23.] At the time, the charges totaled $70.[2] [*Id.*] Chase continued to charge for property inspections after the submission of the Erving Affidavit, however, which included a charge for $14 on September 17, 2016. [*Id.* ¶ 24.]

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Court also takes judicial notice of the records in the state court foreclosure action: *JPMorgan Chase v. Evelina Miszcyzyszyn*, No. 2016-CH-6629 (Ill. Cir. Ct.) ("the Foreclosure Action"). The Court may take judicial notice of matters of the public record, including court records, on a motion to dismiss brought under Rule 12(b)(6). See *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("The district court properly considered the public court documents in deciding the defendants' motions to dismiss, thus we proceed to [the] merits of the Hensons' claims."); see also *Menominee v. Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) (judicially noticing historical documents).

[2] By comparison, at the time the Erving Affidavit was filed, Chase sought a total of $310,454.60 under the mortgage, of which $301,603.77 was principal loan balance. [1-1, at 30.] Moreover, as discussed in greater detail below in Section III(C), Chase has since submitted a motion for summary judgment in the Foreclosure Action in which the fees have been dropped.

Plaintiff's complaint asserts two claims on behalf of Plaintiff and a nationwide class: common law breach of contract (Count I)—or, in the alternative, unjust enrichment (Count II)—and a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("the ICFA") (Count III). [1-1, ¶¶ 37–67.] Plaintiff alleges that after conducting its first inspection on or about January 28, 2016, Chase knew or should have known that Plaintiff had not abandoned her home and that, at the latest, Chase had to know she was still living at the property when it served her with notice of the Foreclosure Action at her home. [*Id.* ¶¶ 25–26.] Plaintiff further complains that even though Chase knew Plaintiff had not abandoned her home, it continued to charge her for visual inspections of her house. [*Id.* ¶ 27.] As of the date of the complaint, these fees totaled $84. [*Id.* ¶ 31.] Plaintiff alleges that the assessment of these fees violated certain HUD regulations that were incorporated into her mortgage and seeks to represent a nationwide class of similarly aggrieved mortgagees. See generally [1-1].

Plaintiff originally filed this claim as a class action counterclaim in the Foreclosure Action; however, the circuit court severed the counterclaim and granted her leave to file it as a separate action, which she did. [25, 9 n.1]; [1-1, 1–15]. Chase subsequently removed the case to this Court. See generally [1-1.]

## II.  Legal Standard

When personal jurisdiction over a defendant is challenged by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of proving that jurisdiction exists and must make a *prima facie* showing of jurisdiction. See *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002). When a court decides a motion on the basis of paper submissions (as is the case here), a court accepts as true the plaintiff's undisputed allegations and

3

resolves any disputes in the evidence in favor of jurisdiction. See *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).³

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Evaluating whether a "claim is sufficiently plausible to survive a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

---

³ While Plaintiff asserts that the Court should construe the motion to dismiss under Rule 12(b)(2) as a motion to strike, which she asserts is premature, she has not provided any support for the proposition that Chase may not challenge this Court's jurisdiction over the non-Illinois residents claims against Chase on a motion under Rule 12(b)(2). The Court therefore examines the arguments under that standard. See, e.g., *McDonnell v. Nature's Way Prod., LLC*, 2017 WL 4864910, at *1 (N.D. Ill. Oct. 26, 2017).

### III. Analysis

Chase seeks the dismissal of Plaintiff's complaint on the basis of several pleading deficiencies. Additionally, Chase asserts that Plaintiff may not simultaneously pursue a claim for breach of contract and unjust enrichment under Illinois law. However, before addressing either of those arguments, the Court must address Chase's argument that the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Sup. Ct. of California*, 137 S. Ct. 1773, 1780 (2017) ("*BMS*"), requires dismissal of the purported class action claims of all non-Illinois residents under Rule 12(b)(2).

### A. The Court denies Chase's Rule 12(b)(2) without prejudice subject to renewal should Plaintiff filed an amended complaint

Chase argues that *BMS* forecloses this Court from exercising personal jurisdiction over Chase to resolve the purported clss action claims of non-Illinois residents. Plaintiff retorts that *BMS* does not apply to unnamed class members in a purported class action, and that in any event, this Court may exercise general jurisdiction over Chase.

There is a significant split among the courts in this district, and across the country, regarding whether a plaintiff may bring a nationwide class action when the court in question may only exercise specific jurisdiction over the defendant. Compare *Mussat v. IQVIA Inc.*, 2018 WL 5311903, at *3–6 (N.D. Ill. Oct. 26, 2018) (explaining that the logic underlying *BMS* applies with equal force to the class action context and thus district courts may not exercise specific jurisdiction over a defendant to resolve the class action claims of non-Illinois residents); *Practice Mgmt. Support Servs. v. Cirque Du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018) (same); *Chavez v. Church & Dwight Co.*, 2018 WL 2238191, at *11 (N.D. Ill. May 16, 2018) (same); *DeBernardis v. NBTY, Inc.*, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018) (same); *McDonnell v. Nature's Way Prods.*, LLC, 2017 WL 4864910 (N.D. Ill. Oct. 26, 2017) (same); with *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 820 (N.D. Ill. 2018) (declining to extend the logic of *BMS* to prohibit a district

court from exercising specific jurisdiction over a defendant to resolve the class action claims of non-Illinois residents and examining current precedent); *Curran v. Bayer Healthcare LLC*, 2019 WL 398685, at *3 (N.D. Ill. Jan. 31, 2019) (same); see also *Knotts v. Nissan N. Am., Inc.*, 346 F. Supp. 3d 1310 (D. Minn. 2018) ("Outside of Illinois, district courts have largely declined to extend *BMS* to the class action context. Indeed, 'most of the courts that have encountered this issue have found that *Bristol-Myers* does not apply in the federal class action context.' * * * District courts in California, Louisiana, Florida, Georgia, Virginia, Texas, the District of Columbia, and even Illinois have concluded that there are valid reasons for limiting *BMS* to named parties—particularly due to the material distinctions between mass tort actions and class actions, as discussed below.").

However, it appears the Seventh Circuit may soon act to resolve the split, at least in this district. See *Mussat v. IQVIA, Inc.*, No. 17-cv-8841, ECF No. 73 (N.D. Ill.); *Mussat v. IQVIA, Inc.*, No. 18-8024, ECF No. 10 (7th Cir. January 25, 2019) (approving appeal under Rule 23(f)).[4] Given that the Seventh Circuit has accepted an appeal regarding this specific issue—inclining the Court to stay these proceedings pending the court of appeals' resolution of the issue—and because Plaintiff has not yet stated a claim, see Section III(C) *infra*, the Court defers resolution of the issues surrounding the Court's exercise of jurisdiction over any non-Illinois class claims unless and until Plaintiff files an amended complaint.[5] Consequently, Defendant's motion under Rule 12(b)(2) is

---

[4] Two other circuits are currently considering this issue as well. See *Molock, et al.* v. *Whole Foods Market, Inc., et al.*, No. 18-7162, Appellant Brief, at 15 (D.C. Cir. Jan. 28, 2019) (presenting the question "When a class action is brought in federal court under diversity jurisdiction against a nonresident corporation, does the court have jurisdiction to determine claims brought on behalf of unnamed putative class members who could never individually satisfy the requirements for personal jurisdiction?"); *Gordon Feller, et al v. Transamerica Life Insurance Co*, No. 18-55408 (9th Cir. 2018). However, *Feller* is currently stayed pending a mediation between the parties. *Feller*, No. 18-55408, ECF Nos. 15–17.

[5] While the Court reserves judgment on the issue at this time, the Court has grave doubts as to its authority to exercise general jurisdiction over Chase. First, none of the "allegations" Plaintiff put forward in support of general jurisdiction were in her complaint, and it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Nor will the Court address whether it may take judicial notice of those facts, given that Plaintiff has leave to file an amended complaint in which she may add any salient details. However, Plaintiff must be prepared to address the legion of cases noting

denied at this time without prejudice to raising this jurisdictional argument in response to any amended complaint(s).

> **B. Plaintiff may not proceed with an unjust enrichment claim in the alternative to her breach of contract claim**

Before examining the specific allegations in the complaint, the Court must address the antecedent question of whether Plaintiff may assert an unjust enrichment claim in the alternative to her breach of contract claim. In her complaint, Plaintiff requests that if "this Court finds no contract provision expressly governs the claims arising from the allegations of this Complaint, Miszczyszyn asserts that Chase knowingly received and retained benefits from her * * * under circumstances that render Chase's retention of such fees unjust." [1-1, ¶ 50.] Chase asserts that such an unjust enrichment claim is barred because Plaintiff alleges the existence of an express contract in her unjust enrichment claim.

"While a plaintiff may plead breach of contract in one count and unjust enrichment * * * in others, it may not include allegations of an express contract which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel." *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 615 (7th Cir. 2013) (quoting *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. Ct. 2005)). Thus, as *Cohen* explained, "[a] plaintiff may plead as follows: (1) there is an express contract, and the defendant is liable for breach of it; and (2) if there is *not* an express contract, then the defendant is liable for unjustly enriching himself at my expense." 735 F.3d at 615. However, a plaintiff may not acknowledge throughout her complaint that there is an express contract, but then allege that if the defendant did not breach the contract, then it owes damages for

---

that courts lack general jurisdiction other than where an "organization is 'essentially at home' in the forum State. *Kipp v. Ski Enter. Corp. of Wisconsin*, 783 F.3d 695, 698 (7th Cir. 2015) (explaining the Supreme Court has only identified two places where that condition will be met for corporations: the state of the corporation's principal place of business and the state of its incorporation).

unjustly enriching itself. *Id.* The question is whether Plaintiff's allegations fit better under the former or the latter.

Here, Plaintiff clearly acknowledges the existence of an express contract in her unjust enrichment claim—"Should this Court finds no contract provision expressly governs * * *." [1-1, ¶ 50.] Plaintiff appears to be arguing that if there is no express contract provision that applies, then there is no contract dispute in this case. But the proper question is not whether a contract provision applies, *i.e.* whether or not there is a violation, but whether an express contract between the parties is implicated by the suit. Where plaintiffs have acknowledged that there is an express contract, courts have prevented plaintiffs from pursuing an unjust enrichment claim, even in the alternative. In *Allergase, Inc. v. Walgreen Co.,* for example, the plaintiff claimed to have pled an unjust enrichment claim in the alternative, in the event that the court determined that a contract had not been formed. 2017 WL 66819 at *4 (N.D. Ill. Jan. 6, 2017). However, the complaint also contained allegations of an express contract. *Id.* The court concluded that the unjust enrichment claim could not proceed. *Id.*

In the end, Plaintiff attempts to avoid the rule of *Cohen* by doing the same thing as the plaintiffs in *Allergase*—namely, alleging not the absence of a violation but of a contract altogether. However, Plaintiff repeatedly acknowledges the existence of an express contract, including in her unjust enrichment claim. Whether a specific provision of the contract applies is not the relevant question. The relevant question is whether the parties' relationship is governed by a contract. See, e.g., *Gagnon v. Schickel*, 983 N.E.2d 1044, 1052 (Ill. App. Ct. 2012) ("Thus, although a plaintiff may plead claims alternatively based on express contract and an unjust enrichment, the unjust enrichment claim cannot include allegations of an express contract."); *Horwitz v. Sonnenschein Nath & Rosenthal LLP*, 399 Ill. App. 3d 965, 979, 926 N.E.2d 934, 946 (2010) (concluding that

plaintiff could proceed with both a breach of contract and an unjust enrichment claim where there were no allegations regarding the existence of a contract in the relevant section of the complaint); *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 623 (N.D. Ill. 2008) (specifically noting that there were no allegations regarding the existence of a contract between the parties).

Because the parties' relationship is clearly governed by an express contract—which Plaintiff attached to her complaint and referenced in her unjust enrichment allegations, see [1-1 at 9–10, 17–25]—Plaintiff may not proceed with her unjust enrichment claim in the alternative. Furthermore, even if the Court allowed Count II to proceed, Plaintiff has not yet alleged facts to state a claim under any count.

C.    **Plaintiff fails to allege damages sufficient to state a claim on any count**[6]

Chase seeks dismissal of the complaint on the ground that Plaintiff has not alleged sufficient facts to show she suffered pecuniary damage necessary to state a claim under Illinois law as to all three counts. In response, Plaintiff points to her allegations that: (1) she was improperly charged for inspection fees, (2) the assessment of the fees resulted in additional interest accruing on the amount owed under the mortgage, (3) the assessment decreased her equity on the Property, (4) the assessment put her further underwater on her mortgage thus adversely impacting her bargaining position with respect to the foreclosure proceeding, and (5) she was forced to defend against Chase's attempt to obtain payment for the allegedly unlawful fee. [1-1, ¶¶ 25–27, 30–31,

---

[6] On January 11, 2019, Plaintiff submitted supplemental authority on this question. See [27]. The case in question, however, involved a district court in New Jersey applying New Jersey contract law. See generally [27-1 (*Gray v. CIT Bank, N.A.*, 2018 WL 6804273, at *1–2 (D.N.J. Dec. 27, 2018)]. Plaintiff has not explained how a court sitting in New Jersey, interpreting New Jersey law and applying that law to a different contract between different parties should convince this Court to adopt that court's conclusion that charges such as the ones at issue here resulted "in increased indebtedness on the mortgage, which is a quantifiable, concrete injury." *Id.* at *6. With respect, the Court disagrees.

46–47, 64–65.] For the following reasons, the Court concludes that these allegations are insufficient to state a claim for damages.

To state a claim for breach of contract under Illinois law or under the ICFA, a plaintiff must allege he or she suffered actual, pecuniary damage. See, e.g., *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 (7th Cir. 2007) ("Merely showing that a contract has been breached without demonstrating actual damage does not suffice, under Illinois law, to state a claim for breach of contract.") (citation omitted); *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) ("In a private ICFA action, the element of actual damages 'requires that the plaintiff suffer actual pecuniary loss.'") (citation omitted). Likewise, to recover under an unjust enrichment theory, a plaintiff must allege that the defendant withheld a benefit to her detriment. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust.").

First, this Court has previously concluded that merely being assessed a disputed fee, without paying it, does not constitute actionable actual damage. See *Overstreet v. CIT Mortg. Home Loan Tr. 2007-1*, 2017 WL 1022079, at *4 (N.D. Ill. Mar. 16, 2017) (concluding that plaintiff had not adequately pled damages for an ICFA claim where she merely alleged "that she is in 'constant fear and worry'" that a fee would harm her credit but had not paid the fee). Likewise, the fact that Plaintiff challenged the fee here and before the state court in the foreclosure action and incurred attorney's fees to do so does not constitute actionable damages. See, e.g., *Gagnon v. JPMorgan Chase Bank, N.A.,* 563 B.R. 835, 848 (N.D. Ill. 2017) ("the fact that [the] ICFA separately provides for the award of attorneys' fees to successful plaintiffs also persuades the Court that a plaintiff must plead more than that he had to pay to consult with an attorney in order to allege

10

actual damages under the ICFA").[7] Similarly, Plaintiff's allegation that the assessment of the fees resulted in the accrual of additional interest is implausible given that allegation is contradicted by the exhibit attached to Plaintiff's complaint, [1-1, at 30 (Complaint Ex. 2)], the only plausible reading of which demonstrates that property inspection fees are not considered in the calculation of interest.[8] Any other conclusion would strain credulity.

Finally, Plaintiff's third and fourth allegations—that the assessment decreased her equity in the property and that it negatively affected her bargaining position in the bankruptcy—are simply too speculative to constitute an allegation of damages. See *Twombly*, 550 U.S. at 555. Plaintiff has not alleged any facts to show that that fee has been approved in the foreclosure action and deducted from the value of the house. Thus, as of the Plaintiff's complaint, it is simply a risk to her equity. Plaintiff has not alleged any "actual damages." Similarly, the allegation that an additional fee totaling less than $150 dollars in a foreclosure action concerning over $300,000 has prejudiced Plaintiff's negotiating position to the extent that it constitutes actual damages is simply implausible and too speculative to state a claim for damages. Furthermore, such an allegation is very close to an emotional damages claim, for which a plaintiff may not recover. See, e.g., *Price v. Seterus, Inc.*, 2016 WL 1392331, at *7 (N.D. Ill. Apr. 8, 2016) ("Neither attorney's fees nor emotional damages constitute actual damages under [the] ICFA.").

---

[7] While *Gagnon* left open the possibility that the costs incurred of having to defend a debt collection action could possibly constitute damages, 563 B.R. at 848, the Court cannot possibly infer that the failure to pay this disputed fee led to the foreclosure action given that the amount at issue in that action is well over $300,000. [1-1, at 30.] Moreover, Plaintiff has not alleged any facts about what, if any, money or time she has spent consulting with her attorney about the fee specifically in the foreclosure action.

[8] The Court properly considers exhibits attached to the complaint in ruling on a 12(b)(6) motion to dismiss. Fed. R. Civ. Pro. 10(c); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). Where those exhibits contradict the complaint's allegations, "the exhibits trump the allegations." *Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010).

But, even if the two allegations were plausible on the face of the complaint—and they are not—they are no longer plausible given that Chase has dropped the fee from its demand in the foreclosure action.[9] See [26-1, at 5 (showing $0 on the line for property inspection fees).] Thus, Plaintiff has yet—and perhaps may not ever be able—to provide any allegations that she has suffered actual damages or that Chase is retaining a benefit to the Plaintiff's detriment. The Court therefore grants Chase's motion to dismiss the complaint under Rule 12(b)(6).[10]

IV. **Conclusion**

For the reasons explained above, Chase's motion [18] is granted in part, and denied in part. The motion to dismiss under Rule 12(b)(6) for failure to state a claim is granted and Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint no later than April 19, 2019. The motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction is denied at this time without prejudice to raising a similar jurisdictional argument in response to any amended complaint. The case is set for further status on April 24, 2019, 2019 at 9:00 a.m.

Dated: March 19, 2019

Robert M. Dow, Jr.
United States District Judge

---

[9] Defendant attached their request for summary judgment in the Foreclosure Action to their motion to dismiss, which the Court may take judicial notice of pursuant to *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). See, e.g., *Balogh v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 5890878, at *1 (N.D. Ill. Nov. 28, 2017) ("Although the state-court foreclosure filings are outside the pleadings in this case, this Court may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment, particularly where the facts are not subject to reasonable dispute. [ ] This Court takes judicial notice of the underlying foreclosure documents, as they are state court filings and orders as a matter of public record, which is appropriate on a motion to dismiss.") (citations omitted).

[10] Because the Court has already dismissed the complaint without prejudice on other grounds and granted Plaintiff leave to file an amended complaint, it does not reach the questions of whether the contract and the regulations discussed therein allow Defendant to assess the fee, nor whether Plaintiff adequately pled a violation of the ICFA for unfair or deceptive conduct. See [19, at §§ II, IV].